In the Matter of AMERICANA LANES, INC., Debtor.

No. 64–B–41.

United States District Court
E. D. New York.

Oct. 8, 1964.

Blumberg, Singer, Ross & Gordon, New York City, for petitioner, Frederick Newman, New York City, of counsel.

Bennett E. Aron, West Hempstead, N. Y., for respondent.

ZAVATT, Chief Judge.

In the instant action the petitioner, Brunswick Corporation, sought to reclaim from the debtor-in-possession (hereinafter respondent), 64 automatic pinsetters and 64 bowling lanes which had been sold to the bankrupt under conditional sales contracts dated November 7, 1960 and September 16, 1960, respectively. Although each of these contracts was duly filed and refiled,[1] the respondent opposed Brunswick's petition on the ground that each of these contracts was subsequently altered by a new agreement; that each of the new agreements constituted a "transaction between the same parties"; and that the failure to file these subsequent agreements rendered the petitioner's liens invalid under Section 66–a of the New York Personal Property Law. The Referee in Bankruptcy found no new agreement between the parties with regard to the pinsetters and granted Brunswick's petition seeking reclamation thereof. Insofar as the bowling lanes were concerned, however, the Referee concluded that § 66–a required filing of two agreements entered into between the parties and that the failure to so file rendered Brunswick's lien against the bowling lanes invalid.

With regard to the pinsetters, the papers before this court reveal that in February of 1963 the bankrupt was experiencing financial difficulties and that negotiations were undertaken between the parties concerning the bankrupt's failure to meet installment payments under the conditional sales contract. These negotiations were embodied in a letter from the petitioner to the bankrupt, dated February 20, 1963, which provided that if the bankrupt would make certain payments (eight in number) on installments which were already in arrears, its "pinsetter account will be reviewed in October 1963 for the purpose of considering the refinancing of the remaining unpaid balance." Except for two payments which had been made at the writing of this letter, none of the other required payments was made and no further agreement entered into regarding the pinsetters. Under these facts the Referee rightfully concluded that the original conditional sales contract:

"was not modified nor were any additions made thereto so as to make the new agreement void under the provisions of § 66–a of the Personal Property Law. The payments which the debtor was required to make under the terms set forth in the letter dated February 20, 1963 did not constitute a new agreement or transaction between the parties. They merely were conditions to be met by the debtor before the seller would enter into a new or Extension Agreement. Since neither the requisite payment was made nor the Extension Agreement executed, this Conditional Sales Contract is a valid and subsisting lien."

This determination is affirmed.

There is no dispute, however, that as to the 64 bowling lanes, the parties en-

---

1. Section 71 of the Personal Property Law McKinney's Consol.Laws, c. 41 requires that a conditional sales contract be refiled every three years and that the seller attach thereto a signed statement showing that the contract is in force and "the amount remaining to be paid thereon." Although respondent did not urge this point before the Referee, it now contends that the refiling of the pinsetter contract on December 4, 1963, was invalid. The basis for this contention is that petitioner's statement alleged that "there is justly due and remaining unpaid on said secured instrument the sum of $444,154.00," which figure represented the unpaid principal balance, but failed to set forth the additional sum of $64,365.07 representing the as yet unearned finance charges. It is the opinion of this court that the inclusion of the unearned finance charges was unnecessary and that the aforedescribed refiling was in accordance with law.

tered into extension agreements on October 20, 1961 and October 15, 1963. Whereas the original conditional sales contract provided for 32 monthly (except June, July, August and September) payments of approximately $9,225, the October 20, 1961 extension agreement provided that the bankrupt would pay the unpaid balance of $253,602 plus an extension charge of $8,052.77 in 32 monthly (except June, July, August and September) payments of approximately $8,175. Under this first extension agreement, therefore, the entire debt would be discharged on October 15, 1965, one year later than the date provided for in the original contract. The October 15, 1963 agreement further extended payment of the unpaid balance (then $235,295) plus an extension charge of $64,190.27 over 56 monthly (except June, July, August and September) installments of approximately $5,350. The date on which the entire debt would be discharged was extended thereby to October 15, 1970, six years later than the date provided for in the original contract. Each of these agreements provided that the terms and conditions of the original conditional sales contracts were to "remain in full force and effect except insofar as the terms of payment are modified and extended by this Agreement." In this, and in all other pertinent respects, these extension agreements were similar to that which was before the court in the companion case of In the Matter of Roosevelt Lanes, Inc., 234 F.Supp. 842. Relying upon his decision in that case, the Referee concluded that section 66–a required these agreements to be filed and that the failure to do so rendered petitioner's lien upon the bowling lanes invalid. For the reasons set forth in the court's opinion of even date in In the Matter of Roosevelt Lanes, Inc., supra, this determination of the Referee must be reversed.

The decision of the Referee in Bankruptcy is affirmed insofar as it upholds the validity of petitioner's lien upon the 64 pinsetters, and reversed insofar as

it finds petitioner's lien upon the 64 bowling lanes to be invalid.

Settle an order consistent herewith on or before fifteen (15) days from the date hereof.